## HARKLEROAD v. WATERHOUSE ET AL.

1. **Surety:** ON NOTE FOR MONEY TO BUY LAND: AGREEMENT FOR MORT-
GAGE: SALE OF LAND BY PRINCIPAL: SUNDAY CONTRACT. H. be-
came surety for T. on a note given for money borrowed to buy the land
in question, and he was to have security for his liability by a mortgage
on the land. The mortgage, however, was never made, but T. gave his
note to H., with M. as surety, for the amount of H.'s liability, and
this was accepted in lieu of the mortgage. Afterwards T. sold the
land to M., and H. was obliged to pay the note which he had signed
with T., and in this action he seeks to recover on the note given him by
T. and M., and to have the judgment decreed to be a lien on the land.
But the note sued on was executed on Sunday, as was also the agreement
to accept it in lieu of the mortgage, and, therefore, no recovery could be
had on the note, and the original agreement to give the mortgage
remained unaffected. But, as there was no evidence to show that M.
purchased the land with knowledge of T.'s agreement to execute the
mortgage, nor to show that M. was to pay T.'s debt to H. as a part
of the purchase price, *held* that judgment was properly rendered against
T. for the money paid for him by H. as surety, but that it was error to
render judgment against M., and to make the judgment a lien on the
land.

*Appeal from Louisa District Court.*

FRIDAY, MARCH 19, 1886.

ACTION to establish an alleged equitable lien, and to fore-
close the same. There was a decree for the plaintiff, and the
defendants appeal.

*E. W. Tatlock*, for appellants.

*T. J. Trulock*, for appellee.

ADAMS, CH. J.—The plaintiff became surety for the defend-
ant Taylor Waterhouse for money borrowed, with which the
latter purchased the land in question. It is averred by the
plaintiff, and we think that the evidence shows, that he was
to have security for his liability by a mortgage on the land.
The mortgage, however, never was given, and the plaintiff

Harkleroad v. Waterhouse et al.

was obliged to pay the money borrowed. In the meantime Taylor Waterhouse sold and conveyed the land to the defendant Moses T. Waterhouse. Prior to that time, when the plaintiff was demanding from Taylor Waterhouse the execution of a mortgage, as had been agreed, Taylor, instead of giving a mortgage, gave him a promissory note signed by Moses Waterhouse as surety. This note, we think, was accepted by the plaintiff in discharge of Taylor Waterhouse's agreement to give him a mortgage. This action was brought to enforce payment of the note, and to enforce the agreement to execute the mortgage. It is averred by the plaintiff, among other things, that Moses Waterhouse, at the time of the conveyance to him of the land, had full knowledge of his vendor's agreement to give him a mortgage upon the land; and it is averred, also, that Moses Waterhouse agreed with his vendor, Taylor Waterhouse, that he would pay the plaintiff, and that such payment should be regarded as a payment, to that extent, of the purchase money of the land. The note signed by Taylor Waterhouse and Moses Waterhouse was shown to have been executed upon Sunday, and that fact was set up in defense to it. The court below sustained the defense, and held the note to be void; but in holding it to be void the court held that the agreement to accept the note in discharge of the agreement of Taylor Waterhouse was also void, and that that agreement remained unaffected. The court found that the plaintiff's averments were proven; that Moses Waterhouse had full knowledge of his vendor's agreement to give the plaintiff a mortgage upon the land, and took the land subject to the agreement; and also that Moses Waterhouse agreed with Taylor, at the time of the purchase from him, to pay the plaintiff the debt in question; and that such payment was to be regarded as a payment to that extent of the purchase money of the land. The court accordingly rendered judgment against both defendants, and charged the same as a lien upon the land, and decreed a foreclosure.

It is insisted by the appellants that the evidence does not

show that Moses Waterhouse took the land with knowledge of his vendor's agreement to give the plaintiff a mortgage upon the land, and does not show that Moses was to pay Taylor's debt to the plaintiff in consideration of the purchase. To this we have to say, after a careful examination of the evidence, that we think that the appellants' position must be sustained. As to Moses' knowledge of the agreement to give a mortgage, we think that there is no evidence at all. There is some evidence tending to show that he agreed to assume and pay the debt to the plaintiff in payment of the purchase money of the land; but only one witness so testifies, and both Taylor and Moses Waterhouse testify to the contrary. It seems probable that Moses was to pay the purchase money by making payments upon notes signed by him as surety for Taylor. He did, indeed, pay off a part of the Sunday note given to plaintiff, and paid off another note given by Taylor to one Henry Harkleroad, upon which he (Moses) was surety; and we think that he applied all the purchase money according to his agreement; but there was not enough to pay the plaintiff in full, and we do not think that he ever agreed to pay him in full. There is evidence tending to show that he talked of paying the Sunday note in full if he could have time, but that, we think, was when he thought that he was liable upon it as surety. Such being our view of the evidence, we have to say that we think that the court below erred in rendering a decree against Moses Waterhouse for the debt in question, and erred in charging the same as a lien upon the land.

The decree against Taylor Waterhouse appears to be correct, and should be allowed to stand, but not as a lien upon the land.

MODIFIED AND AFFIRMED.